# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAMIE LEWIS, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | Nos.: 2:09-cr-00031-11 |
| v. ) | 2:12-cv-00048 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. | |

## MEMORANDUM OPINION

Before the Court now is Petitioner, Jamie Lewis' ("Lewis") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On February 4, 2010, Lewis pleaded guilty to conspiring to distribute and possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §846 and 841(b)(1)(A) [Doc. 389]. During the course of entering his plea, Lewis admitted to the following prior Tennessee convictions capable of enhancing his sentence: (1) a 2002 felony conviction for delivery of marijuana; (2) a 2005 felony conviction for facilitation to deliver 2.8 grams of cocaine; and (3) a 2005 felony conviction for possession of marijuana [Doc. 256]. In light of these three prior felony drug related convictions, the Court found that Lewis qualified as a career offender subject to a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b)(1)(A) and ultimately imposed a below-

Guidelines term of 180 months on March 10, 2011, after granting the United States' motion for downward departure based on Lewis' significant assistance with law enforcement authorities [Doc. 880]. Although he failed to make any direct appeal, Lewis filed the instant §2255 Motion on February 13, 2012, [Doc. 1049], which he timely supplemented with additional claims on March 6, 2012 [Doc. 1058].

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (quoting Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents three claims in his § 2255 motion: (1) that two of his three prior convictions were improperly classified as "felony drug offense[s]" sufficient to trigger a mandatory term of life imprisonment without release pursuant to 21 U.S.C. § 841(b)(1)(A) and, as a result, that his 180 month sentence based on a downward departure from that guideline range amounted to error [Doc. 1049]; (2) that his counsel's failure to object to the improper categorization of his past offenses amounted to constitutionally ineffective assistance; and (3) that the Court erred when it failed to grant any sentence reduction for acceptance of responsibility [Doc. 1058].

It is the opinion of this Court that none of these claims warrant relief. As a threshold matter, all of Petitioner's claims, except for the claim of ineffective assistance of counsel, are procedurally defaulted because Petitioner could have raised them on direct appeal, but did not. United States v. Calderon, 194 F.3d 1314 (6th Cir. 1999) (noting "direct appeal would have been the correct form in which to raise sentencing questions"); Turner v. United States, 191 F.3d 453 (6th Cir. 1999) (explaining that "a motion to vacate under § 2255 does not serve as a substitute for bringing a direct criminal appeal"). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003); accord United States v. Frady, 456 U.S. 152, 167-68 (1982). The "hurdle" that a petitioner faces to excuse procedural default is "intentionally high[,] . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." Elzy v. United States, 205 F.3d 882, 884 (6th Cir. 2000). Petitioner has not alleged his actual innocence, nor has he put forth any good cause for his failure to challenge his sentence on direct appeal. Further, even if the he were able to establish good cause, Petitioner cannot show that an inability to raise his claims would result in prejudice due to the fact that all of the claims presented in the Motion [Docs. 1049, 1058] lack merit.

The Court will evaluate Petitioner's claims in turn.

3

I.  **Categorization of past convictions as "felony drug offense[s]" pursuant to 21 U.S.C. § 841(b)(1)(A).**

Under 21 U.S.C. § 841(b)(1)(A), a defendant who distributes at least 50 grams[1] of a substance or mixture containing cocaine base "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A)(iii). A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Petitioner does not dispute that he distributed at least 50 grams of a substances or mixture containing cocaine base after his 2002 and 2005 Tennessee convictions became final or that those convictions were for violations of laws prohibiting conduct relating to narcotic drugs [Doc. 1049]. Rather, he contends that the Court erred when it categorized him as a career offender with two or more prior "felony drug offense" convictions subject to a mandatory term of life imprisonment based on the argument that only one of his three prior convictions were "punishable by imprisonment for more than one year."

To reach this conclusion, Petitioner relies on a July 8, 2004 memorandum from the Tennessee Attorney General's Office which discusses the impact of two United States Supreme Court opinions, Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v.

---

[1] At the time of Petitioner's sentencing on February 4, 2010, § 841(b)(1)(A) required a minimum of 50 grams of crack cocaine to trigger its enhancement penalty provisions. On August 3, 2010, that threshold amount was increased to 280 grams of crack cocaine. See Fair Sentencing Act (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Sixth Circuit held that the FSA is not retroactively applicable to defendants convicted and sentenced prior to the FSA's enactment. United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). Regardless, Petitioner admitted that he conspired to distribute at least 500 grams of crack cocaine [Doc. 256] and thus would have been subject to the enhanced penalties.

4

Washington, 542 U.S. 961 (2004), on the Tennessee's statutory sentencing scheme. While Apprendi establishes that the Sixth Amendment to the United States Constitution requires that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 490, Blakely defines statutory maximum as "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings," 542 U.S. at 303-304 (2004). Petitioner appears to suggest that these two cases read in conjunction with the Tennessee Sentencing Reform Act of 1989 presumption in favor of the minimum guideline sentences, Tenn. Code Ann. § 40-35-210(c), and fact that he received one year sentences for both his 2002 delivery of marijuana and 2005 possession of marijuana convictions demonstrate that only one of his three prior drug related convictions, the 2005 felony conviction for facilitation to deliver cocaine, qualified as an offense punishable by imprisonment for more than one year, i.e., "felony drug offense." Because 21 U.S.C. § 841(b)(1)(A) requires two or more final "felony drug offense[s]" to trigger a mandatory term of life imprisonment, Petitioner argues the Court's base guideline range was improper and his 180 month sentence derived as a downward departure from that guideline amounted to error.

While the parties disagree over whether Petitioner's 2002 and 2005 marijuana related convictions should be categorized as Class C or Class E felonies,[2] Petitioner's

---

[2] The United States points to the fact that Tenn. Code Ann. § 39-17-408(b)(6), a provision of the Tennessee Drug Control Act of 1989 applicable at the time of the Petitioner's 2002 and

5

argument fails under either scenario. The version of the Tennessee Criminal Sentencing Reform Act of 1989 in effect at the time of Petitioner's convictions provided that Class C felonies were punishable by imprisonment of "not less three (3) years nor more than fifteen (15) years," Tenn. Code Ann. § 40-35-111(b)(3), while Class E felonies were publishable by imprisonment of "not less than one (1) year nor more than six (6) years." Id. at (b)(5). Further, the determination of whether an offense is "punishable by imprisonment of a term exceeding one year" depends on the maximum *potential sentence authorized by statute for that category of crime*, not the actual sentence received by the defendant. United States v. Rogers, 333 Fed. Appx. 975, 977 (2009) (finding Class E felonies, punishable by one-to-six years' imprisonment, were crimes punishable by imprisonment for a term exceeding one year); see also United States v. Sawyers, 360 Fed. Appx. 621, 623 (6th Cir. 2010)(noting that under the United States Sentencing Guidelines Manual, the determination of whether a crime is "punishable by more than one years' imprisonment" is made independent "of the actual sentence imposed"). Based on the forgoing, even if this Court accepts Petitioner's classification of his prior convictions, the Tennessee Criminal Sentencing Reform Act authorizes terms of imprisonment ranging from one (1) to six (6) years for Class E felonies, making it a category of crime *punishable* by a term exceeding one year. The fact that neither of the sentences actually

---

2005 convictions, lists "marijuana" as a Schedule II substance, and Tenn. Code Ann. § 39-17-417(a) and (c)(2)(A) which defines possession or distribution of less than point five (0.5) grams of a Schedule II substance as a Class C felony [Doc. 1077]. In contrast, Petitioner argues that his prior convictions for possession and distribution of marijuana are properly classified as Class E felonies under 39-17-417(g)(1) and, while he never expressly articulates the issue, this is presumably because marijuana is designated as a Schedule II substance under § 39-17-408(b)(6) "only for the purposes enumerated in the Controlled Substances Therapeutic Research Act," which itself was repealed in 1992 [Doc. 1049].

6

imposed exceeded one year is irrelevant for purposes of 21 U.S.C. § 841(b)(1)(A). Finally, Apprendi and Blakely, which address what factors, *other than prior convictions,* can be considered when determining what sentence to *actually impose*, are inapposite to the issue of whether a category of offense is punishable by a term of more than one year.

## I. Ineffective assistance of counsel

Petitioner next alleges that his counsel's failure to object to categorization of his 2002 and 2005 marijuana related convictions as prior final "felony drug offense[s]" under 21 U.S.C. § 841(b)(1)(A) amounted to constitutionally deficient assistance.[3]

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1987); see also, Huff v. United States, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," Id., as measured by "prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. Mason v. Mitchell, 320 F.3d 604, 616-17 (6th Cir. 2003); see also Strickland, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the

---

[3] Petitioner also alleges that his counsel was ineffective for failing to raise "any other [issues] that may exist." [Doc. 1058]. Such a conclusory statement fails as a matter of law. See Wogenstahl v. Mitchell, 668 F.3d 307, 335 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim."); Short v. United States, 504 F.2d 63, 65 (6th Cir. 1974) (explaining that if "claims are stated in the form of conclusions without any allegations of facts in support thereof," a § 2255 motion is "legally insufficient to sustain review").

7

defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691; see also Smith v. Robbins, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. See United States v. Hynes, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Because the Court did not err when it determined that the he was subject to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A), Petitioner cannot show any prejudice arose from his counsel's failure to raise the issue. No relief is warranted.

**II.     Reduction in sentence based on acceptance of responsibility**

Finally, Petitioner asserts that the Court erred when it imposed a sentence for which he "was not given a reduction for acceptance of responsibility." As discussed above, Petitioner procedurally defaulted on this claim when he failed to raise it on direct appeal. See United States v. Calderon, 194 F.3d 1314 (6th Cir. 1999) (noting that direct appeal, not 21 U.S.C. § 2255, was the proper method to raise sentencing questions such as failure to reduce sentencing guideline level).

8

The claim also lacks support in the factual record. Petitioner's presentence investigation report demonstrates that the probation officer, using the 2009 version of the United States Sentencing Guidelines (U.S.S.G.), applied a three-level adjustment for acceptance of responsibility, reducing Petitioner's original base offense level from thirty-seven (37) to thirty-four (34) pursuant to U.S.S.G. § 3E1.1 [PSR ¶ 40]. This base offense level of thirty-four (34) combined with his career offender criminal history category of VI, [PSR ¶ 73], to yield an advisory Guidelines range of 262 to 327 months [PSR ¶ 98]. That Guideline range was not ultimately determinative however due to trigger of the *statutory* mandatory life sentence required by 21 U.S.C. § 841(b)(1)(A). It was the Court's decision to grant the United States' 18 U.S.C. § 3553(e) motion for downward departure from that statutory mandatory minimum sentence, [Doc. 880], that resulted in Petitioner's 180 month below-Guidelines sentence [896]. Nothing in the record gives any indication that Petitioner's acceptance of responsibility, in conjunction with his significant assistance to law enforcement, was not afforded due consideration in the Court's decision to grant the government's 18 U.S.C. § 3553(e) motion.

The Court finds that because all of the claims presented in the Motion [Docs. 1049, 1058] lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. Accordingly, a judgment will enter **DENYING** the Motion, [Docs. 1049, 1058], and the action will be **DISMISSED**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. See Rule 24 of the Federal Rules of Appellate Procedure. Petitioner

9

having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

E N T E R:

s/ Leon Jordan
United States District Judge