UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-031 |
| | ) | |
| JAMIE LEWIS | ) | |

# MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's motion for sentence reduction. [Doc. 1438]. Through counsel, the defendant asks the Court to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which retroactively applies certain provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372. The government has responded in opposition to the motion [doc. 1443], and the defendant has submitted a reply. [Doc. 1444]. For the reasons that follow, the defendant's motion will be granted.

**I.    Defendant's Eligibility for First Step Act Relief.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." The First Step Act, which was enacted on December 21, 2018, is one such statute.

Section 404(b) of the First Step Act instructs that the "court that imposed a sentence for a covered offense may, on motion of the defendant . . . , impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." A covered offense is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a).[1]

Prior to the Fair Sentencing Act, 21 U.S.C. § 841 (as applied to the present defendant) mandated an enhanced sentence of life imprisonment for violations of section 841(a)(1) involving 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009). For 841(a)(1) violations involving five grams or more (but less than 50 grams) of cocaine base, the enhanced statutory penalty was ten years to life. *See id.* § 841(b)(1)(B)(iii). Since the enactment of the Fair Sentencing Act, the 841(b)(1)(A)(iii) penalties now apply only to offenses involving 280 grams or more of cocaine base, and the 841(b)(1)(B)(iii) penalties apply only to offenses involving 28 grams or more (but less than 280 grams) of cocaine base. *See* 21 U.S.C. § 841(b) (2018); *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The present defendant pled guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§

---

[1] Section 404(c) of the First Step Act imposes additional limitations, none of which apply in this case.

841(a)(1) and 841(b)(1)(A). His Presentence Investigation Report ("PSR") deemed him responsible for a drug quantity of at least 500 grams but less than 1.5 kilograms.

The United States opposes the instant motion on multiple grounds. Primarily, it presents various arguments that the defendant is not eligible for First Step Act relief because he was not sentenced for a "covered offense" as defined by that legislation. Further, it is the United States' position that granting the instant motion (and those of similarly situated defendants) would result in "mass disparity" which would "defeat[] the plain Congressional intent in the First Step Act of assuring like treatment of like offenders." [Doc. 1443, p. 3, 7].

As noted, the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . ," First Step Act, § 404(a). The United States argues that the limitation "the statutory penalties for which were modified by" in fact describes the word "violation" rather than the immediately preceding words "a Federal criminal statute." In turn, the United States submits that the word "violation" means the entirety of a defendant's conduct—such as the drug quantity found in a PSR or the factual basis of a plea agreement—rather than the drug quantity threshold of the statute of conviction. Therefore, according to the government, a court can still find a § 404 movant responsible (for *statutory* sentencing purposes) for the higher drug quantity from, for example, his PSR. That is so, says the government, because the Constitutional safeguards of *Alleyne* were not "in effect at the time the covered offense was committed," First Step Act, § 404(b), and the

holdings of those cases are not to be applied retroactively. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (With the exception of prior convictions, facts that increase a crime's penalty beyond the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt.); *Alleyne v. United States*, 570 U.S. 99, 114-16 (2013) (extending *Apprendi*'s holding to facts that increase statutory *minimums*).

A venture into the definitional morass of the United States' "violation" argument is unnecessary because this Court finds that the First Step Act uses the words "the statutory penalties for which were modified by" to describe the immediately preceding words "a Federal criminal statute." *See, e.g., United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) (persuasively explaining that § 404(a)'s "'penalties' clause modifies the adjacent noun phrase, 'Federal criminal statute[,]'" rather than the more distant noun, "violation."). "Here, the "penalties clause' is most naturally read as modifying 'Federal criminal statute,' the noun phrase immediately next to it." *Id.*

Further, this Court agrees with those cases which have rejected the United States' *Alleyne* argument. True, *Apprendi* and *Alleyne* do not retroactively apply on collateral review, but the majority of courts to thus far consider the issue have concluded that those cases' holdings are nonetheless applicable to § 404. *See, e.g., United States v. Burke*, No. 2:08-CR-63(1), 2019 WL 2863403, at \*3 (E.D. Tenn. July 2, 2019) (Greer, J.) (collecting cases). "[I]t is not only appropriate but also realistic to presume that Congress was thoroughly familiar with . . . important precedents . . . and that it expected its enactment to be interpreted in conformity with them." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 699

(1979); *accord Burke*, 2019 WL 2863403 at *3 (collecting cases). "The First Step Act neither directs nor implies that the Court should perpetuate the application of an unconstitutional practice when determining a new sentence that complies with the Act's directives, and many courts faced with the issue have applied the *Apprendi* rule in First Step Act re-sentencings." *United States v. Stone*, No. 1:96 CR 403, 2019 WL 2475750, *2 (N.D. Ohio June 13, 2019) (collecting cases).[2]

Thus,

> eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act. If so, the defendant is categorically eligible for consideration regardless of actual quantities. The particular quantities affect only the Court's discretionary call on whether to grant a reduction in sentence.
>
> . . .
>
> . . . This is a categorial decision based on the type of prior conviction, not any particular quantity determination. The Court then determines whether to exercise its discretion to reduce the defendant's sentence. This determination is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the Section 3553 factors.

---

[2] In his plea agreement the instant defendant stipulated that he conspired to distribute and possess with the intent to distribute at least 500 grams but less than 1.5 kilograms of a mixture and substance containing a detectible amount of cocaine base. [Doc. 256, ¶ 4(a)]. It would unjust for this Court to hold the defendant *statutorily* accountable for that amount for purposes of First Step Act eligibility. There are lower burdens of proof at sentencing, where also the Federal Rules of Evidence do not apply. "Many things might have been different if this crime had been committed and charged years later or the Fair Sentencing Act had been passed years earlier, and the Court is unwilling to engage in a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." *United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019).

*United States v. Boulding*, 379 F. Supp. 3d 646, 648, 651, 654 (W.D. Mich. 2019).

This Court is not persuaded by the United States' predictions of "an odd result" of "profoundly unfair and illogical disparities." [Doc. 1443, p. 5, 7]. An "odd result," in this Court's eyes, would flow instead from the conclusion that Congress intended for § 404 to apply only to those few pre-Fair Sentencing Act defendants whose judicially-found relevant conduct fell within the gaps (between 5 and 28 grams or between 50 and 280 grams) of the pre- and post-First Step Act statutory thresholds. In this Court's experience, based on more than thirty years on the federal bench, the government's proposed interpretation would restrict § 404 relief to a miniscule subset of cocaine base defendants. Stated differently, § 404 would be virtually meaningless, and courts "should not lightly conclude that Congress enacted a self-defeating statute." *Quarles v. United States*, 139 S. Ct. 1872, 1879 (2019).

No matter which way this or any other Court rules on the current wave of § 404 motions, one party (or, most likely, both) will be able to continue conjuring examples of resultant disparity. However, relevant conduct remains a bedrock component of the *guideline range* calculation, thus serving to limit sentencing disparity.

Turning to the instant defendant, as noted he pled guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for that federal criminal statute. *See* Fair Sentencing Act, 124 Stat. 2372. The defendant committed his crime from 2006 through 2009. [Doc. 256,

p.3]. Thus, he was sentenced by this Court for "a covered offense" and is eligible to be considered for First Step Act relief.

## II. Factual Background

In this case, by judgment dated March 10, 2011, the Court sentenced the defendant to a term of imprisonment of 180 months to be followed by ten years of supervised release. Prior to the change of plea hearing and pursuant to 21 U.S.C. § 851, the United States timely filed an information giving notice of multiple prior felony drug convictions to be relied upon to increase the defendant's statutory term of imprisonment from a mandatory minimum of ten years to a mandatory minimum of life. [Doc. 214]. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2009).

The defendant's initial guideline range was 262 to 327 months, based on a total offense level of 34 and a criminal history category of VI. However, due to the statutory minimum, his guideline range became life.

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e). [Doc. 880]. The Court granted the motion and departed downward to a sentence of 180 months, reflecting a fifty percent substantial assistance departure from a life-equivalent range of 360 months to life.

According to the Bureau of Prisons, the defendant is presently scheduled for release on May 15, 2022.

## III. Analysis

As noted, the defendant's motion is authorized by the First Step Act because he was sentenced in this Court for "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act, § 404(a). Specifically, the defendant's enhanced statutory term of imprisonment was reduced by section 2 of the Fair Sentencing Act *from* mandatory life *to* a range of ten years to life, and his enhanced minimum term of supervised release was reduced from ten years to eight.

As a result, the defendant's guideline range is now 262 to 327 months, no longer restricted by his statutory minimum. Applying a corresponding fifty percent substantial assistance reduction from the bottom of that range would result in a reduced sentence of 131 months.

The Court has considered the filings in this case, along with the relevant 3553(a) factors. The Court has also reviewed the defendant's Bureau of Prisons SENTRY Report and has refamiliarized itself with the defendant's PSR.

The defendant's criminal history is concerning. However, since incarcerated in this case, the defendant has participated in an impressive amount of vocational and education programming and he has incurred no disciplinary sanctions. Accordingly, the Court finds that he should be granted a sentence reduction.

**IV. Conclusion**

For the reasons provided herein, the defendant's motion for sentence reduction [doc. 1438] is **GRANTED**. The defendant's term of imprisonment is reduced to **131 months**, which includes a corresponding fifty percent substantial assistance departure from the bottom of the new guideline range.

If this sentence is less than the amount of time the defendant has already served, the sentence shall instead be reduced to "time served." In that case, this order shall take effect 10 days from its entry so as to give the Bureau of Prisons sufficient time to process the defendant's release.

The defendant's term of supervised release is reduced from ten years to **8 years**. *See* 21 U.S.C. § 841(b)(1)(B).

Further, while on supervised release, the defendant shall be subject to the following additional special condition of supervision:

> The defendant shall submit his person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Except as provided herein, all provisions of the judgment dated March 10, 2011, shall remain in effect.

Lastly, the defendant's *pro se* motion for appointment of counsel [doc. 1434], filed prior to the appearance of Federal Defender Services on his behalf, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge